RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney General

JAMES PETRILA
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Washington, D.C. 20044
202-307-6648 (v)
202-307-0054 (f)
James.Petrila@usdoj.gov
Western.TaxCivil@usdoj.gov

*For the United States of America*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| United States of America, | ) | |
|---|---|---|
| Plaintiff, | ) | Case No. |
| | ) | |
| v. | ) | **Complaint to Reduce Federal Tax Assessments to Judgment** |
| | ) | |
| George W. Wolff | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff, the United States of America ("United States"), brings this action to reduce to judgment federal tax assessments against George W. Wolff ("Defendant") for the tax years 2007, 2008, 2009, 2010, 2011, 2012, 2013, 2014, 2015, 2016 and 2017. In support of this action, the United States complains and alleges as follows:

## INTRODUCTION

1. This is a timely civil action brought by the United States to reduce unpaid Federal tax assessments made against Defendant George W. Wolff to judgment.

2. This action is brought at the direction of the Attorney General of the United States and at the request and with the authorization of the Chief Counsel of the Internal Revenue Service ("IRS"), a delegate of the Secretary of the Treasury, pursuant to 26 U.S.C § 7401.

Complaint to Reduce Federal Tax Assessments to Judgment
(Case No.            )

1

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C. 20044
Telephone: 202-307-6648

# **DEFENDANT**

3. Defendant George W. Wolff is a United States citizen who currently resides in San Francisco, CA.

4. The tax liabilities that form the basis of this suit are Defendant's income tax liabilities for tax years 2007-2017.

# **JURISDICTION AND VENUE**

5. Jurisdiction over this action is conferred upon this district court by 26 U.S.C. § 7402 and 28 U.S.C. §§ 1391 and 1396.

6. Venue properly lies in the Northern District of California under 28 U.S.C. §§ 1391 and 1396 because Defendant resides within the judicial district.

# **FEDERAL TAX LIABILITIES AND LIENS**

7. For the tax years 2007 through 2017, Defendant's assessed tax liabilities are based upon self-filed tax returns.

8. The IRS made timely assessments for unpaid federal income tax in the amounts and on the dates set forth below. The unpaid balances, together with interest and certain penalties, are as follows:

| Tax Period | Assessment Date | Assessment Amount | | Unpaid Balance as of December 2, 2019[1] |
|---|---|---|---|---|
| 2007 | 9/13/2010 | $37,894.00 | (Income Taxes) | $73,807.46 |
|  | 9/13/2010 | $8,230.95 | (Late Filing Penalty) |  |
|  | 9/13/2010 | $1,505.35 | (Failure to Pre-Pay Penalty) |  |
|  | 9/13/2010 | $5,241.92 | (Interest) |  |
|  | 9/13/2010 | $5,304.39 | (Failure to Pay Tax Penalty) |  |
|  | 12/19/2016 | $3,841.11 | (Failure to Pay Tax Penalty) |  |
|  | 12/19/2016 | $12,809.21 | (Interest) |  |
|  | 12/18/2017 | $2,991.37 | (Interest) |  |
|  | 12/17/2018 | $3,564.22 | (Interest) |  |

---

[1] The unpaid balance may reflect payments or other credits, as well as additional accrued interest and penalties.

| Year | Date | Amount | Type | Total |
|---|---|---|---|---|
| 2008 | 6/13/2011 | $18,149.80 | (Income Taxes) | $38,248.12 |
| | 6/13/2011 | $3,948.70 | (Late Filing Penalty) | |
| | 6/13/2011 | $506.00 | (Failure to Pre-Pay Penalty) | |
| | 6/13/2011 | $1,883.78 | (Interest) | |
| | 6/13/2011 | $2,045.94 | (Failure to Pay Tax Penalty) | |
| | 12/19/2016 | $2,341.51 | (Failure to Pay Tax Penalty) | |
| | 12/19/2016 | $4,981.49 | (Interest) | |
| | 12/18/2017 | $1,353.26 | (Interest) | |
| | 12/17/2018 | $1,666.90 | (Interest) | |
| 2009 | 5/24/2010 | $33,151.00 | (Income Taxes) | $16,271.28 |
| | 5/24/2010 | $141.98 | (Interest) | |
| | 5/24/2010 | $331.51 | (Failure to Pay Tax Penalty) | |
| | 8/9/2010 | $16.00 | (Collection Fee) | |
| | 12/19/2016 | $7,955.64 | (Failure to Pay Tax Penalty) | |
| | 12/19/2016 | $7,830.33 | (Interest) | |
| | 6/12/2017 | $30.00 | (Collection Fee) | |
| | 12/18/2017 | $1,840.56 | (Interest) | |
| | 12/17/2018 | $1,130.49 | (Interest) | |
| 2010 | 5/23/2011 | $34,188.00 | (Income Taxes) | $24,344.43 |
| | 5/23/2011 | $451.00 | (Failure to Pre-Pay Penalty) | |
| | 5/23/2011 | $59.20 | (Interest) | |
| | 5/23/2011 | $141.88 | (Failure to Pay Tax Penalty) | |
| | 10/12/2015 | $30.00 | (Collection Fee) | |
| | 12/19/2016 | $2,892.57 | (Failure to Pay Tax Penalty) | |
| | 12/19/2016 | $3,405.12 | (Interest) | |
| | 12/18/2017 | $861.33 | (Interest) | |
| | 12/17/2018 | $1,060.98 | (Interest) | |
| 2011 | 5/28/2012 | $36,647.00 | (Income Taxes) | $6,542.73 |
| | 5/28/2012 | $721.00 | (Failure to Pre-Pay Penalty) | |
| | 5/28/2012 | $12.16 | (Interest) | |
| | 5/28/2012 | $34.43 | (Failure to Pay Tax Penalty) | |
| | 12/19/2016 | $826.32 | (Failure to Pay Tax Penalty) | |
| | 12/19/2016 | $652.07 | (Interest) | |
| | 12/18/2017 | $231.49 | (Interest) | |
| | 12/17/2018 | $285.13 | (Interest) | |
| 2012 | 7/15/2013 | $53,358.00 | (Income Taxes) | $73,940.26 |
| | 7/15/2013 | $668.00 | (Failure to Pre-Pay Penalty) | |
| | 7/15/2013 | $346.57 | (Interest) | |
| | 7/15/2013 | $692.47 | (Failure to Pay Tax Penalty) | |
| | 12/19/2016 | $10,848.78 | (Failure to Pay Tax Penalty) | |
| | 12/19/2016 | $5,571.15 | (Interest) | |
| | 12/18/2017 | $2,616.09 | (Interest) | |
| | 12/17/2018 | $3,222.42 | (Interest) | |
| 2013 | 6/2/2014 | $22,890.00 | (Income Taxes) | $11,473.50 |
| | 6/2/2014 | $101.00 | (Failure to Pre-Pay Penalty) | |
| | 6/2/2014 | $29.05 | (Interest) | |
| | 6/2/2014 | $73.50 | (Failure to Pay Tax Penalty) | |
| | 12/19/2016 | $1,764.00 | (Failure to Pay Tax Penalty) | |
| | 12/19/2016 | $658.81 | (Interest) | |
| | 12/18/2017 | $405.94 | (Interest) | |
| | 12/17/2018 | $500.03 | (Interest) | |

| Year | Date | Amount | Type | Balance |
|---|---|---|---|---|
| 2014 | 6/8/2015 | $42,981.00 | (Income Taxes) | $31,458.25 |
|  | 6/8/2015 | $456.00 | (Failure to Pre-Pay Penalty) |  |
|  | 6/8/2015 | $118.76 | (Interest) |  |
|  | 6/8/2015 | $316.90 | (Failure to Pay Tax Penalty) |  |
|  | 12/19/2016 | $3,679.20 | (Failure to Pay Tax Penalty) |  |
|  | 12/19/2016 | $1,164.03 | (Interest) |  |
|  | 12/18/2017 | $1,065.08 | (Interest) |  |
|  | 12/18/2017 | $1,226.40 | (Failure to Pay Tax Penalty) |  |
|  | 12/17/2018 | $1,370.99 | (Interest) |  |
| 2015 | 6/6/2016 | $29,503.00 | (Income Taxes) | $42,505.56 |
|  | 6/6/2016 | $516.00 | (Failure to Pre-Pay Penalty) |  |
|  | 6/6/2016 | $163.88 | (Interest) |  |
|  | 6/6/2016 | $287.56 | (Failure to Pay Tax Penalty) |  |
|  | 8/29/2016 | $30.00 | (Collection Fee) |  |
|  | 12/18/2017 | $5,319.86 | (Failure to Pay Tax Penalty) |  |
|  | 12/18/2017 | $1,880.79 | (Interest) |  |
|  | 12/17/2018 | $1,581.58 | (Failure to Pay Tax Penalty) |  |
|  | 12/17/2018 | $1,779.77 | (Interest) |  |
| 2016 | 6/5/2017 | $41,938.00 | (Income Taxes) | $35,320.61 |
|  | 6/5/2017 | $762.00 | (Failure to Pre-Pay Penalty) |  |
|  | 6/5/2017 | $230.56 | (Interest) |  |
|  | 6/5/2017 | $411.40 | (Failure to Pay Tax Penalty) |  |
|  | 8/21/2017 | $30.00 | (Collection Fee) |  |
|  | 12/17/2018 | $4,720.90 | (Failure to Pay Tax Penalty) |  |
|  | 12/17/2018 | $1,946.56 | (Interest) |  |
| 2017 | 6/4/2018 | $63,082.00 | (Income Taxes) | $14,005.16 |
|  | 6/4/2018 | $1,200.57 | (Failure to Pre-Pay Penalty) |  |
|  | 6/4/2018 | $426.64 | (Interest) |  |
|  | 6/4/2018 | $620.80 | (Failure to Pay Tax Penalty) |  |
|  | 10/15/2018 | $28.00 | (Collection Fee) |  |

9. A delegate of the Secretary of the Treasury gave Defendant timely notice of the amounts of the unpaid tax detailed in paragraph 8 and timely demanded payment thereof, pursuant to 26 U.S.C. § 6303 (notice and demand for tax).

10. Despite notice and demand for payment, Defendant has failed to pay the tax assessments detailed in paragraph 8.

11. As of December 2, 2019, there remains due and owing to the United States on those assessments the total sum of $367,917.36, plus statutory interest and other statutory additions that continue to accrue by law. The United States therefore seeks a judgment against Defendant for the outstanding liabilities.

//

//

# CLAIM FOR RELIEF

## COUNT 1: REDUCE TO JUDGMENT FEDERAL INCOME TAX ASSESSMENTS AGAINST GEORGE W. WOLFF FOR TAX YEARS 2007-2017

12. The United States incorporates the allegations in paragraphs 1-11.

13. The IRS timely assessed federal taxes, interest, and penalties against Defendant for tax years 2007-2017 as described in paragraph 8.

14. Despite notice and demand for payment of the assessments described in paragraph 8, Defendant has failed to make full payment to the United States. As of December 2, 2019, there remains due and owing to the United States on those assessments the total sum of $367,917.36, plus statutory interest and other statutory additions that continue to accrue by law.

15. Under 26 U.S.C. § 7402(a) the United States is entitled to judgment against Defendant for the unpaid balance of the assessments described in paragraph 8 plus interest and other statutory additions accruing to the date of payment.

**WHEREFORE**, the United States requests that the Court:

A. Enter judgment in favor of the United States of America and against George W. Wolff for unpaid federal income tax liabilities for the 2007, 2008, 2009, 2010, 2011, 2012, 2013, 2014, 2015, 2016 and 2017 tax years, in the amount of $367,917.36 as of December 2, 2019, plus interest and statutory additions in accordance with 28 U.S.C. § 1961(c)(1) and 26 U.S.C. §§ 6601 and 6621, which have accrued and will continue to accrue according to law from December 2, 2019 until judgment is paid, less any applicable credits and payments.

B. Award the United States of America its costs, and such other further relief as the Court deems just and proper.

DATED this 15th day of May, 2020.

                        Respectfully submitted,

                        RICHARD E. ZUCKERMAN
                        Principal Deputy Assistant Attorney General

                        */s/ James Petrila*
                        JAMES PETRILA
                        Trial Attorney, Tax Division
                        U.S. Department of Justice
                        P.O. Box 683
                        Washington, D.C.  20044

Complaint to Reduce Federal Tax Assessments to Judgment
(Case No.               )

6

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C.  20044
Telephone: 202-307-6648

# CIVIL COVER SHEET

The JS-CAND 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved in its original form by the Judicial Conference of the United States in September 1974, is required for the Clerk of Court to initiate the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**
United States of America

**DEFENDANTS**
George W. Wolff

**(b)** County of Residence of First Listed Plaintiff
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  San Francisco
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
James Petrila, P.O. Box 683, Washington, D.C. 20044, (202) 307-6648

Attorneys *(If Known)*

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

- [X] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | X 1 | Incorporated or Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated and Principal Place of Business In Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*

Nature of suit selections (none checked in CONTRACT, TORTS, CIVIL RIGHTS, PRISONER PETITIONS, FORFEITURE/PENALTY, LABOR, IMMIGRATION, BANKRUPTCY, PROPERTY RIGHTS, SOCIAL SECURITY, OTHER STATUTES, REAL PROPERTY).

FEDERAL TAX SUITS:
- [X] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS–Third Party 26 USC § 7609

**V. ORIGIN** *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation–Transfer
- [ ] 8 Multidistrict Litigation–Direct File

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
26 USC 7401
Brief description of cause:
Action to reduce federal tax liabilities to judgment

**VII. REQUESTED IN COMPLAINT:**
[ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, Fed. R. Civ. P.
DEMAND $ 367,917.00
CHECK YES only if demanded in complaint:
JURY DEMAND: [ ] Yes [X] No

**VIII. RELATED CASE(S), IF ANY** *(See instructions)*
JUDGE
DOCKET NUMBER

**IX. DIVISIONAL ASSIGNMENT (Civil Local Rule 3-2)**
*(Place an "X" in One Box Only)*
[X] SAN FRANCISCO/OAKLAND  [ ] SAN JOSE  [ ] EUREKA-MCKINLEYVILLE

DATE 05/15/2020
SIGNATURE OF ATTORNEY OF RECORD /s/ Jim Petrila

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS-CAND 44

**Authority For Civil Cover Sheet.** The JS-CAND 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved in its original form by the Judicial Conference of the United States in September 1974, is required for the Clerk of Court to initiate the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.  a) **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

   b) **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

   c) **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)."

II. **Jurisdiction.** The basis of jurisdiction is set forth under Federal Rule of Civil Procedure 8(a), which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

   (1) United States plaintiff. Jurisdiction based on 28 USC §§ 1345 and 1348. Suits by agencies and officers of the United States are included here.

   (2) United States defendant. When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

   (3) Federal question. This refers to suits under 28 USC § 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

   (4) Diversity of citizenship. This refers to suits under 28 USC § 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked**.** (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

III. **Residence (citizenship) of Principal Parties.** This section of the JS-CAND 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerk(s) in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

V. **Origin.** Place an "X" in one of the six boxes.

   (1) Original Proceedings. Cases originating in the United States district courts.

   (2) Removed from State Court. Proceedings initiated in state courts may be removed to the district courts under Title 28 USC § 1441. When the petition for removal is granted, check this box.

   (3) Remanded from Appellate Court. Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

   (4) Reinstated or Reopened. Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

   (5) Transferred from Another District. For cases transferred under Title 28 USC § 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

   (6) Multidistrict Litigation Transfer. Check this box when a multidistrict case is transferred into the district under authority of Title 28 USC § 1407. When this box is checked, do not check (5) above.

   (8) Multidistrict Litigation Direct File. Check this box when a multidistrict litigation case is filed in the same district as the Master MDL docket.

   Please note that there is no Origin Code 7. Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

VI. **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC § 553. Brief Description: Unauthorized reception of cable service.

VII. **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Federal Rule of Civil Procedure 23.

   Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.

   Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. **Related Cases.** This section of the JS-CAND 44 is used to identify related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

IX. **Divisional Assignment.** If the Nature of Suit is under Property Rights or Prisoner Petitions or the matter is a Securities Class Action, leave this section blank. For all other cases, identify the divisional venue according to Civil Local Rule 3-2: "the county in which a substantial part of the events or omissions which give rise to the claim occurred or in which a substantial part of the property that is the subject of the action is situated."

**Date and Attorney Signature.** Date and sign the civil cover sheet.